IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-5585 |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY JAIL, SGT. DREW | : | |
| KHALINASKI, C.O. SERGIO | : | |
| MALDONADO, C.O. ALTON MURRAY, | : | |
| and LEHIGH COUNTY JAIL | : | |
| ADMINISTRATOR, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                          April 5, 2022

The *pro se* plaintiff, an incarcerated individual who has already been convicted and sentenced, has sought leave to proceed *in forma pauperis* in this civil action where he asserts claims under 42 U.S.C. § 1983 against three county correctional officers, the county jail, and an unspecified county jail administrator. The plaintiff alleges that the county correctional officers violated the Eighth Amendment by physically assaulting him and then preventing him from receiving medical treatment over a three-day period.

As discussed in more detail below, the court will grant the plaintiff leave to proceed *in forma pauperis* because he is incapable of prepaying the costs of suit. The court has also screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and concludes that the plaintiff has plausibly alleged a claim for excessive force against the three correctional officers. As for his remaining claims, the court will dismiss with prejudice his section 1983 claim against the county jail because it is not a proper defendant in a section 1983 claim. The court will also dismiss without prejudice his claim against the jail administrator and his deliberate-indifference-to-serious-medical-needs

claim because he has failed to (1) include any factual allegations that would establish liability against the unidentified jail administrator and (2) sufficiently plead that the three correctional officers were deliberately indifferent to his serious medical needs. Because the court cannot definitively say that the plaintiff cannot fix his allegations to assert a plausible claim against the county jail administrator or against the three correctional officers for deliberate indifference to his serious medical needs, the court will provide him with an opportunity to amend his complaint or inform the court that he intends to proceed only on his excessive force claim against the individual correctional officers.

## I.     PROCEDURAL HISTORY

The *pro se* plaintiff, Osvaldo Pumba ("Pumba"), filed an application for leave to proceed *in forma pauperis* and a complaint which the clerk of court docketed on December 20, 2021.[1] *See* Doc. Nos. 1, 2. On January 5, 2022, this court denied Pumba's application for leave to proceed *in forma pauperis* without prejudice because he failed to file a certified copy of his prisoner account statement as required by 28 U.S.C. § 1915(a)(2). *See* Doc. No. 4. The court gave Pumba 30 days to file his prisoner account statement. *See id.* Pumba timely filed his prisoner account statement on February 7, 2022. *See* Doc. No. 6. He also filed a new application for leave to proceed *in forma pauperis* (the "IFP Application"). *See* Doc. No. 8.

## II.     ALLEGATIONS IN THE COMPLAINT

In the complaint, Pumba has identified the following defendants: (1) Lehigh County Jail ("LCJ"); (2) Sergeant Drew Khalinaski ("Sergeant Khalinaski"); (3) Corrections Officer Sergio

---

[1] Pumba has filed five other complaints in this court. *See Pumba v. Madrid, et al.*, Civ. A. No. 21-5639, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-134, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-137, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-179, Doc. No. 2; *Pumba v. Maldonado, et al.*, Civ. A. No. 22-476, Doc. No. 3. In each of these complaints, Pumba asserts claims under 42 U.S.C. § 1983 against defendants associated with the Lehigh County Jail. The complaint at Civil Action No. 22-476 alleges facts about the same events that give rise to this complaint. This memorandum opinion addresses Pumba's case at the above-captioned docket number only.

Maldonado ("C.O. Maldonado"); (4) Corrections Officer Alton Murray ("C.O. Murray"); and (5) "Lehigh County Jail Administrator."[2] *See* Compl. at ECF p. 1, Doc. No. 2. As for his allegations against these defendants, Pumba, who is a convicted and sentenced inmate, alleges that Sergeant Khalinaski, C.O. Maldonado, and C.O. Murray assaulted him on December 9, 2021. *See id.* at ECF p. 3.

On this date, Pumba states that he refused to take a shower and decided to wait for the sergeant.[3] *See id.* While he was waiting, someone else flooded the shower and C.O. Murray "pushed the water" from the dayroom into Pumba's cell. *See id.* A few minutes after this, he was placed in handcuffs outside of his cell. *See id.*

While handcuffed, C.O. Maldonado attacked Pumba by slamming him to the floor. *See id.* Then, C.O. Murray came from the dayroom and attacked Pumba by slamming him to the floor again and by kicking him in the ribs until his ribs were fractured. *See id.* C.O. Murray and C.O. Maldonado proceeded to use the back of an extra pair of handcuffs to punch Pumba in the left side of his ribs. *See id.* Pumba then heard Sergeant Khalinaski say, "let's kill this [n-word]." *Id.* At this point, C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski attacked Pumba. *See id.*

From these attacks, Pumba alleges that he was bleeding and suffered broken ribs. *See id.* at ECF pp. 3, 5. He also states that C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski "refused to get [him] medical assistance for 3 days straight." *Id.* at ECF p. 3.

---

[2] The caption of the complaint lists LCJ as a defendant. *See* Compl. at ECF p. 1. The body of the complaint does not list LCJ as a defendant and instead names "Lehigh County Jail Administrator" as a defendant. *See id.*
[3] It is unclear from the complaint whether Pumba was waiting for Sergeant Khalinaski or another sergeant.

Based on these allegations, Pumba asserts that the defendants violated his rights under the Eighth Amendment.[4] *See id.* For these violations, Pumba seeks money damages in the amount of $1,000,000. *Id.*

## III.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

---

[4] Although Pumba also references the Fourteenth Amendment in the complaint, *see* Compl. at ECF p. 3, the Eighth Amendment is the applicable provision here because Pumba is an incarcerated individual who has been convicted and sentenced. *See id.*; *Bell v. Wolfish*, 441 U.S. 520, 536 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees. Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) ("*Bell v. Wolfish* . . . distinguishes between pretrial detainees' protection from 'punishment' under the Fourteenth Amendment, and convicted inmates' protection from punishment that is 'cruel and unusual' under the Eighth Amendment." (footnote omitted)). Nothing in the complaint suggests a basis for a claim under the Fourteenth Amendment.

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and the prison account statement, it appears that Pumba is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.[5]

**B.**    **Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted Pumba leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490

---

[5] As Pumba is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory."

*Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the
> definition of the term "malicious," engage in a subjective inquiry into the litigant's
> motivations at the time of the filing of the lawsuit to determine whether the action
> is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the

judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*,

Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a

complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to

dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise

a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must

liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, 12 F.4th

366, 374 (3d Cir. 2021) ("At this early stage of the litigation, we accept the facts alleged [in the

*pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask

only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible .

. . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*,

8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we

remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### C.  <u>Analysis</u>

Pumba seeks to assert Eighth Amendment claims under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). In addition, the plaintiff must allege that each defendant was personally involved in the

alleged constitutional violation and assert how each defendant was involved in the events and occurrence giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### 1.   Claims Against LCJ

Pumba names the LCJ as a defendant. *See* Compl. at ECF p. 1. The court must dismiss any claim against the LCJ because section 1983 "applies only to persons." *Fraser v. Pa. State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995). A county correctional facility, such as the LCJ, is not a "person" under section 1983. *See Green v. Lehigh Cnty. Prison*, Civ. A. No. 21-5138, 2022 WL 394747, at *2 (E.D. Pa. Feb. 9, 2022) ("The Complaint does not articulate a claim against the Lehigh County Jail under Section 1983 because '[i]n the Third Circuit, it is well-settled that a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws.'" (alteration in original) (quoting *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009))); *Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, Civ. A. No. 20-4091, 2020 WL 7495665, at *3 (E.D. Pa. Dec. 21, 2020) ("[T]he Lehigh County Jail is not a 'person' subject to liability under § 1983."); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983" (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (per curiam) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983). Therefore, the LCJ is not a proper defendant in this section 1983 action.

### 2.    Claims Against the Lehigh County Jail Administrator

As explained above, Pumba has also identified the "Lehigh County Jail Administrator" as a defendant in the body of the complaint. *See* Compl. at ECF p. 1. Unfortunately, it is unclear to the court who the "Lehigh County Jail Administrator" is and why it has been named as a defendant in this case. Pumba does not include any allegations in the complaint about the "Lehigh County Jail Administrator" that would explain the personal involvement of this defendant in the events giving rise to Pumba's claims. *See Rode*, 845 F.2d at 1207 (explaining that, to be liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").

Moreover, the absence of any specific allegations about the "Lehigh County Jail Administrator" warrants dismissal of this defendant under Rule 8 of the Federal Rules of Civil Procedure, which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (describing pleading requirements under Rule 8); *Travaline v. U.S. Supreme Ct.*, 424 F. App'x 78, 79 (3d Cir. 2011) (per curiam) (same). When determining whether a pleading meets Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). The important consideration for the court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted).

Here, since Pumba has failed to allege any facts about the Lehigh County Jail Administrator's involvement in his alleged constitutional harm, he has failed to state plausible

claims against it. Accordingly, the court will dismiss Pumba's claims against this defendant without prejudice.

### 3.       Excessive Force Claims Against C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski

Pumba alleges that C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski "attacked" him while he was restrained by, *inter alia*, slamming him on the floor, using handcuffs to punch him in the ribs, and threatening to kill him. *See* Compl. at ECF p. 3. Pumba alleges that he suffered fractured ribs because of the assault. *See id.* As already explained, the court interprets Pumba's claims against these defendants as excessive force claims under the Eighth Amendment.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) ("The objective component of an Eighth Amendment claim is therefore contextual and responsive to 'contemporary standards of decency.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976))). When screening an Eighth Amendment excessive force claim under section 1915, the court asks whether the prisoner has plausibly alleged that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Jackson v. Bueno*, Civ. A. No. 20-687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting *Hudson*, 503 U.S. at 7)). Further,

> [t]he factors used to determine whether the force applied was excessive include: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Although the extent of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force." *Id.* at 104. Thus, the inquiry must be driven by the extent of the

force and the circumstances in which it is applied, not by the resulting injuries. *Id.* at 108; *see also Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002). The Eighth Amendment does not protect against a de minimis use of physical force, so long as it is not of a sort "repugnant to the conscience of mankind." *Brooks*, 204 F.3d at 107 (quoting *Hudson*, 503 U.S. at 9-10).

*Id.*

In this case, Pumba has stated plausible excessive force claims under the Eighth Amendment against C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski. Therefore, the court will direct that these claims proceed, and that service is effected so that the defendants may file a responsive pleading.

### 4.    Claims Involving Deliberate Indifference to Serious Medical Needs Against C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski

In addition to his excessive force claims, Pumba alleges that C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski "refused to get [him] medical assistance" for three days. *See* Compl. at ECF p. 3. The court has interpreted this claim as an Eighth Amendment claim for deliberate indifference to Pumba's serious medical needs.

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

A plaintiff properly alleges deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "A

medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks omitted). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Here, the complaint does not support plausible deliberate indifference claims under the *Iqbal* pleading standard. Pumba alleges in a vague and conclusory fashion that the individual defendants denied him medical assistance for three days. Pumba does not indicate whether the medical assistance he requested was in connection with the "attack" by these defendants. He also does not specifically allege his medical issues or symptoms which required medical attention. Even if the court were to infer that the requested medical assistance related to the "attack" and the medical issues were broken ribs and bleeding from his injuries, Pumba fails to provide sufficient factual context to his requests for medical assistance, including when and how often he requested medical care, to whom he requested it, and whether the defendants were aware of the extent of his need. Without these additional details, the court cannot determine whether he has a cognizable claim that C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski were deliberately indifferent to his serious medical needs. Accordingly, the court will dismiss without prejudice Pumba's deliberate indifference claims against C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski.

## IV.    CONCLUSION

For the foregoing reasons, the court will (1) grant the IFP Application, (2) dismiss with prejudice Pumba's claims against the LCJ, (3) dismiss without prejudice his claims against the Lehigh County Jail Administrator and his deliberate indifference claims against C.O. Murray, C.O.

Maldonado, and Sergeant Khalinaski. The court will allow Pumba's excessive force claims against C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski to proceed to service of process so these defendants may file a responsive pleading. In addition, because the court cannot say at this time that Pumba cannot cure the defects in the claims that the court has dismissed without prejudice, the court will grant Pumba the option of filing an amended complaint to attempt to cure the defects in those claims.[6] Alternatively, Pumba may advise the court that he seeks to proceed only on the excessive force claims against C.O. Murray, C.O. Maldonado, and Sergeant Khalinaski.

The court will enter a separate order.[7]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[6] A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).
[7] This order will provide further instruction about Pumba's options for proceeding.