IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-5585 |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY JAIL, SGT. DREW KHALINASKI, C.O. SERGIO MALDONADO, C.O. ALTON MURRAY, and LEHIGH COUNTY JAIL ADMINISTRATOR, | : : : : : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 5th day of April, 2022, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 8), prisoner trust fund account statement (Doc. No. 6), and complaint (Doc. No. 2) filed by the *pro se* plaintiff, Osvaldo Pumba ("Pumba"); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 8) is **GRANTED**, and Pumba has leave to proceed *in forma pauperis*;

2. Osvaldo Pumba, #0200144, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs that the Warden of the Lehigh County Jail, or other appropriate official, assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Pumba's inmate account; or (b) the average monthly balance in Pumba's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Pumba's inmate trust fund

account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of this court equaling 20% of the preceding month's income credited to Pumba's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

3. The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Lehigh County Jail;

4. The complaint (Doc. No. 2) is **DEEMED** filed;

5. The following claims are **DISMISSED** for failure to state a claim:

   a. The claims against the Lehigh County Jail are **DISMISSED WITH PREJUDICE**; and

   b. The claims against the Lehigh County Jail Administrator and the deliberate-indifference-to-serious-medical-needs claim against the defendants, Sergeant Drew Khalinaski, C.O. Sergio Maldonado, and C.O. Alton Murray, are **DISMISSED WITHOUT PREJUDICE**;

6. The Clerk of Court is **DIRECTED** to **TERMINATE** Lehigh County Jail as a defendant in this action;

7. The Clerk of Court is **DIRECTED** to **SEND** Pumba a blank copy of the court's standard form complaint for incarcerated individuals to use to file a complaint bearing the above civil action number;[1]

8. Pumba has **thirty (30) days** from the date of this order to file an amended complaint if he can allege additional facts to state a plausible claim against the Lehigh County Jail Administrator or plausible deliberate indifference to serious medical needs claims against Sergeant Drew Khalinaski, C.O. Sergio Maldonado, and C.O. Alton Murray. Any amended complaint shall

---

[1] This form is available on the court's website at: https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Pumba's claims against each defendant, and shall bear the title "Amended Complaint" and the case number, 21-5585. If Pumba files an amended complaint, his amended complaint must be a complete document that includes all the bases for Pumba's claims, including claims that the court has not yet dismissed if he seeks to proceed on those claims. **<u>For example, Pumba must include in his amended complaint the allegations supporting his excessive force claims against Sergeant Drew Khalinaski, C.O. Sergio Maldonado, and C.O. Alton Murray, which have not been dismissed at this time, if Pumba seeks to proceed on those claims.</u>** Claims that are not included in the amended complaint **will not be considered** as part of this case. When drafting his amended complaint, Pumba should be mindful of the court's reasons for dismissing his claims as explained in the court's memorandum opinion. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ordered by the court;

9.  If Pumba does not file an amended complaint, the court will direct service of his initial complaint on the defendants, Sergeant Drew Khalinaski, C.O. Sergio Maldonado, and C.O. Alton Murray only, so that Pumba may proceed on the excessive force claims against those defendants as described in the court's memorandum opinion. Pumba may also notify the court that he seeks to proceed on these claims only rather than file an amended complaint. If he files such a notice, Pumba is reminded to include the case number for this case, 21-5585; and

10.	The time to serve process under Rule 4(m) of the Federal Rules of Civil Procedure is **EXTENDED** to the date 90 days after the court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.
